IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY GOODLOE, JR, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:19-cv-00748-N (BT) | |
| § | | |
| § | | |
| DALLAS COUNTY SHERRIF et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This civil action was referred to the United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court. The findings, conclusions, and recommendation of the Magistrate Judge follow:

I.

Plaintiff filed a *pro se* complaint on March 26, 2019. On April 2, 2019, the Court sent Plaintiff a notice of deficiency and order to pay the filing fee or file a certificate showing the balance in his prison trust fund account. The Court informed Plaintiff that failure to cure the deficiency within 30 days could result in a recommendation that this case be dismissed. More than 30 days have passed, and Plaintiff has failed to respond to the Court's notice and order.

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the

1

federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). The Court has issued a deficiency notice to Plaintiff advising him that he must pay the filing fee or file a certificate showing the balance in his trust fund account. However, Plaintiff has failed to respond to the Court's order. This litigation cannot proceed until Plaintiff complies with the Court's order. Accordingly, the complaint should be dismissed for want of prosecution under Fed. R. Civ. P. 41(b).

III.

The Court should dismiss Plaintiff's complaint for want of prosecution under Fed. R. Civ. P. 41(b).

Signed May 16, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).